NOT FOR PUBLICATION

FILED

NOV 02 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: SHEPARD JOHNSON and MONTE JOHNSON, <br><br> Debtors, <br><hr> SHEPARD JOHNSON, <br><br> Appellant, <br><br> v. <br><br> UST - UNITED STATES TRUSTEE, SACRAMENTO; et al., <br><br> Appellees. | No. 10-60002 <br><br> BAP No. 09-1188-JuMkMo <br><br> MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Jury, Markell, and Montali, Bankruptcy Judges, Presiding

Submitted October 25, 2011[**]

Before:    TROTT, GOULD, and RAWLINSON, Circuit Judges.

Shepard Johnson appeals pro se from the judgment of the Bankruptcy

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Appellate Panel ("BAP") affirming the bankruptcy court's order approving a settlement agreement between the Chapter 7 trustee and the Solarte lot owners. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo BAP decisions, and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009). We affirm.

Contrary to Johnson's contention, the bankruptcy court did not abuse its discretion by approving the settlement agreement because the facts in the record establish that the compromise was fair, reasonable, equitable, and adequate. *See Martin v. Kane* (*In re A & C Props.*), 784 F.2d 1377, 1380-81 (9th Cir. 1986) (approval of a compromise is not an abuse of discretion where the record contains a factual foundation establishing that the compromise was fair, reasonable, and adequate).

Johnson's remaining contentions, including that the bankruptcy court failed to make specific findings of fact, are unpersuasive.

**AFFIRMED.**

10-60002